IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| GERALD FOSTER, | ) | Cause No. CV 08-130-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On September 9, 2008, Petitioner Gerald Foster filed this action for writ of habeas corpus under 28 U.S.C. § 2254. Foster is a state prisoner proceeding pro se.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

Foster challenges a conviction for felony driving under the influence ("DUI") in Montana's Eleventh Judicial District Court, Flathead County. Sentence was pronounced in open court on December 15, 2005, and written judgment was entered on February 26, 2006. See Pet. (doc. 1) at 2 ¶¶ 1-3. He appealed to the Montana Supreme Court. The appeal was dismissed as frivolous on March 7, 2007. See Order at 1, Foster v. Flathead County, No. OP 08-0160 (Mont. Apr. 30, 2008) (doc. 2 #1); Pet. at 3 ¶ 8.

It is difficult to follow Foster's allegations and the history of his proceedings in the state courts. He appears to claim that he was unable properly to challenge his 2005 felony DUI conviction because crucial evidence, including his official driving record, was "withheld" from him. See Pet. at 4 ¶¶ 15A-B. But he attached to his Petition a document showing that he suffered DUI (misdemeanor) convictions on May 21, 1998, April 18, 1997, and March 29, 1991. See Certified Driver Record at 2 (doc. 1 #1 at 5).[1] Under state law, when a charged offense is the fourth or subsequent offense, "all previous convictions must be used for sentencing purposes." See Mont. Code Ann. § 61-8-734(1)(b) (1995). Any DUI offense charged against Foster after May 21, 1998, is therefore a felony charge. Any DUI conviction is a felony conviction.

Foster also claims that he demanded a blood test and was refused. See Pet. at 5 ¶ 15B. State law leaves it to an officer, not the accused, to determine what kind of test to administer. See Mont. Code Ann. § 61-8-402(2)(b).

Foster has not set forth any facts that could give rise to federal habeas relief. Judge Curtis's

---

[1] Nothing appears on Foster's driver record after October 17, 2002. That does not support relief against his 2005 conviction because it does not change the fact that any charge or conviction against Foster for DUI after 1998 is necessarily a felony.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

Order of August 18, 2005 (doc. 1 #1), reduced Foster's 1998 DUI conviction from a felony to a misdemeanor. It has no bearing on the validity of his 2005 conviction or any later charge or conviction. Since 1998, it has been impossible for Foster to be charged with or convicted of any misdemeanor DUI offense. There is no indication in the documents before the Court that the State "withheld" or "falsified" any documents, but, regardless, it is clear that any such activity has no effect on Foster's 2005 felony DUI conviction.

Reasonable jurists might disagree about how to approach this case. For instance, the petition appears to be untimely and is almost certainly procedurally defaulted. Foster does not even claim to allege a violation of constitutional law, though he also claims that he could. See Mem. at 2, 10; 28 U.S.C. § 2254(a). Nor is federal habeas relief available for alleged violations of state law. See, e.g., Nunes v. Ramirez-Palmer, 485 F.3d 432, 443 (9th Cir. 2007); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991). However, reasonable jurists would not find any merit in Foster's allegations. As the Montana Supreme Court said, "it is incomprehensible that [Foster] might anticipate a misdemeanor DUI charge instead of a felony." Order at 2, Foster, No. OP 08-0160. A certificate of appealability is not warranted. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Lozada v. Deeds, 498 U.S. 430, 432 (1991).

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Foster's Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment against Foster and in favor of Respondent.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Foster may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Foster must immediately inform the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this <u>30th</u> day of October, 2008.

       /s/ Jeremiah C. Lynch
       Jeremiah C. Lynch
       United States Magistrate Judge