IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| GERALD FOSTER, | ) | Cause No. CV 08-130-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

_____

This case comes before the Court on Petitioner Foster's motion under Fed. R. Civ. P. 60(b) for relief from the Order of November 17, 2008, denying on the merits Foster's petition for writ of habeas corpus under 28 U.S.C. § 2254.

**I. Background in This Court**

Nothing about this case follows the ordinary course of habeas litigation in this District. Following prescreening of Foster's petition, judgment was entered against him on November 17, 2008. Foster appealed.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

That appeal was pending before the Ninth Circuit Court of Appeals when Foster filed another habeas petition in this Court. See Foster v. Mahoney, No. CV 09-33-M-DWM-JCL (D. Mont. filed Mar. 12, 2009). In the course of prescreening that petition, which raised some new claims not subject to dismissal as second or successive, it became evident that Foster's claims in his first petition may have been misunderstood. Foster was asked whether he wished to have counsel represent him. Order (doc. 13) at 2-4. Though his response demonstrated confusion about which court was acting, he clearly said, "I do request to be appointed counsel for this case on the grounds there is now and always has been MERIT." Resp. to Order (doc. 14) at 1. Daniel V. Donovan was duly appointed and filed a Rule 60(b) motion on June 30, 2009.

On November 18, 2009, Foster's Rule 60(b) motion was dismissed for lack of jurisdiction and the Court of Appeals was notified that this Court was willing to entertain the motion. On January 12, 2010, the Court of Appeals remanded Foster's case for consideration of the motion.

The State filed a response to the Rule 60(b) motion on February 12, 2010. Foster filed a reply on February 26, 2010.

**II. Second or Successive Petitions and Rule 60(b)**

Relying on Gonzalez v. Crosby, 545 U.S. 524 (2005), the State asserts that

Foster's Rule 60(b) motion is a de facto second or successive petition for relief. If it is correct, the Rule 60(b) motion cannot be granted because a district court must dismiss "[a] claim presented in a second or successive habeas application under section 2254 that was presented in a prior application." 28 U.S.C. § 2244(b)(1); Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam).

No "prior application" is involved in this case. Cf. Woods v. Carey, 525 F.3d 886, 888-90 (9th Cir. 2008) (discussing Ching v. United States, 298 F.3d 174 (2d Cir. 2002), and Grullon v. Ashcroft, 374 F.3d 137 (2d Cir. 2004) (per curiam)). Foster filed a Rule 60(b) motion while his first application was pending before the Court of Appeals. Though it could have considered the motion itself, Phelps v. Alameida, 569 F.3d 1120, 1135 (9th Cir. 2009), the Court of Appeals issued a limited remand, re-vesting jurisdiction over Foster's first petition in this Court. Order (doc. 18) at 1, Foster v. Mahoney, No. 08-36009 (9th Cir. Jan. 12, 2010); Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004). The Rule 60(b) motion is no more second or successive than Foster's petition would be if the Court of Appeals reversed this Court's judgment and remanded the case for further proceedings. 28 U.S.C. § 2244(b)(1) does not apply.

### III. Rule 60(b)

Foster's claims require a conviction-by-conviction analysis of his criminal

history. While this Court always does its level best to understand pro se pleadings and correctly apply the law, it was frankly unaware, at the time Foster filed the instant petition, of the intricate interaction of various amendments to Montana law regarding convictions for driving under the influence ("DUI"), driving with excessive blood alcohol concentration ("BAC"), and expungement – amendments that were enacted at different times and therefore have different legal consequences in an offender's criminal history. See generally State v. Sidmore, 951 P.2d 558 (Mont. 1995). Further complicating the complexity of the law's application is Foster's claim that his history has not been accurately presented. Compare, e.g., Driving Record at 2 (Pet. Ex. (doc. 1 #1 at 5)) (characterizing 1991 conviction as DUI), with Am. Mot. to Set Aside Judgment and Br. at 3, State v. Foster, No. DC-97-155(B) (Mont. 11th Jud. Dist. May 19, 2005) (Pet. Ex. (doc. 1 #1 at 14)) (characterizing 1991 conviction as BAC conviction). It appears that a 1991 DUI conviction would count against Foster on a subsequent DUI charge, but a 1991 BAC conviction would not. Mont. Code Ann. § 61-8-722(6) (1989); Mont. Code Ann. § 61-8-722(7) (1995); Sidmore, 951 P.2d at 562-66. At least, the State has not corrected this interpretation of Montana law.

   Rather than filing at least three qualifying misdemeanor DUI judgments against Foster dated before 2005, the State relies on a copy of a brief it filed in the Montana Supreme Court. The brief states, in part, that "Foster's certified driving record

reflects . . . three DUI convictions (1991, 1997, and 1998); it omits Foster's 2005 conviction and his 2006 felony conviction." Resp't Br. at 3, <u>Foster v. Flathead County</u>, No. OP 08-0160 (Mont. filed Apr. 11, 2008). The first phrase demonstrates that Foster's 2005 felony DUI conviction relies on the questionable 1991 conviction. The second phrase proves that Foster's certified driving record is inaccurate. An excerpt from a presentence report, which is attached to the brief, does not show a DUI conviction in either 1991 or 1998.

At this point, the only certainty is that neither the facts nor the law were correctly understood at the time Foster's petition was denied on prescreening. As a result, the nature of his claims was also misunderstood.

Fed. R. Civ. P. 60(b)(6) should be "used sparingly as an equitable remedy to prevent manifest injustice," <u>In re Int'l Fibercom, Inc.</u>, 503 F.3d 933, 941 (9th Cir. 2007) (internal quotation marks and citations omitted), and only where "no intervening rights have become vested in reliance" on the judgment from which relief is sought, <u>id.</u> at 940. <u>See also id.</u> n.7 (noting that subdivision (b)(6), not (b)(1), applies where court makes "more than a mere mistake"). "Even under the severely diminished habeas corpus protection available under [the Anti-Terrorism and Effective Death Penalty Act], a properly filed habeas petition should not be dismissed on the basis of sheer happenstance or random bad luck." <u>Phelps</u>, 569 F.3d at 1123.

The circumstances here are extraordinary. Foster did not get a fair hearing on his first habeas petition – a manifest injustice. "Dismissal of a *first* federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." Lonchar v. Thomas, 517 U.S. 314, 324 (1996). The State has not demonstrated reliance on the November 2008 judgment, and it is unlikely it could do so. Phelps, 569 F.3d at 1137-38. Relief is warranted so that Foster's first petition can be fairly heard in this Court in the first instance.

Based on the foregoing, the Court enters the following:

### ORDER

1. The Clerk of Court must immediately notify the Ninth Circuit Court of Appeals of the entry of this Findings and Recommendation and its relationship to Foster v. Mahoney, No. 08-36009 (9th Cir. filed Dec. 5, 2008).

2. Foster is reminded that he must file a status report in the Ninth Circuit Court of Appeals within 60 days after January 12, 2010, or within 7 days of the district court's ruling, whichever comes first. Order (doc. 18) at 1, Foster, No. 08-36009 (9th Cir. Jan. 12, 2010).

The Court also enters the following:

## RECOMMENDATION

Foster's Rule 60(b) motion (doc. 16) should be GRANTED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this <u>10th</u> day of March, 2010.

       /s/ Jeremiah C. Lynch
      Jeremiah C. Lynch
      United States Magistrate Judge