IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| GERALD FOSTER, | ) | Cause No. CV 08-130-M-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

_____

On September 9, 2008, Petitioner Gerald R. Foster, then acting pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He challenges a criminal judgment entered on February 21, 2006, sentencing him as a felon for a fourth or subsequent offense of driving under the influence of alcohol ("DUI").  The State has filed an Answer and a motion to dismiss, and Foster has responded to both.

On December 20, 2010, this case was reassigned to the undersigned based on the parties' written consent.  Notice (doc. 53); Consents (doc. 53-1).

**I. Procedural Posture**

Both the State's Answer and its brief in support of the Answer and its motion to dismiss contain representations of Montana law that are diametrically opposed to

1

Montana law.  Montana law does not permit all convictions over an offender's lifetime to be used for purposes of felony DUI sentencing.  Possibly as a result of its misunderstanding, the State fails to respond efficiently to Foster's claim.  Possibly it is also the reason Foster believes his convictions were "falsified."

Foster says the State hoodwinked him into thinking he had three previous convictions that counted toward a felony DUI as of January 15, 2003, when, in fact, it had no admissible evidence establishing such convictions.  Pet. at 4 ¶ 15B, 5 ¶ 16 ("if the law would have been followed and . . . court documents not falsified this would have been a misdemeanor.").  He does not claim, much less produce evidence, that any particular conviction did not occur.  It should be easy to respond to his claim by producing the records of the previous convictions – showing the offense, the date it was committed, and the date of the conviction – and then briefly explaining why each conviction counts under Montana law.  If there are three or more, then that is all there is to it.  Under the circumstances here, structural protections, e.g., Sullivan v. Louisiana, 508 U.S. 275, 281 (1993), are not at issue.  Whatever happened in the course of the state proceedings, if Foster was actually subject to felony sentencing, then he was not prejudiced and his claim must be denied.

But instead of responding to the claim, the State interposes procedural defenses and merits arguments that are seriously undermined by contradictions and

2

inaccuracies in its own records. For instance, Foster's "certified driving record" is patently unreliable. One version of it, dated January 14, 2008, Pet. Ex. (doc. 1-1) at 4-5, shows no driving offense after 2002. A later version, Answer Ex. A, shows the 2005 "felony DUI" conviction and also a later 2008 conviction called "DUI alcohol." Both versions show a DUI conviction entered on May 21, 1998, even though that conviction was vacated and entered anew in August 2005. Neither version shows two convictions that actually do count against Foster. The State introduces a sentencing transcript in which Foster's counsel refers, without correction by the State, to a September 19, 1999, DUI conviction, Answer Ex. H (doc. 47-2) at 4:15-5:1, which is shown nowhere in the driving record or anywhere else. Was there a record that gave Foster's counsel that date, and did the State agree with it? The State introduces charging documents and judgments from cases filed after the one at issue here. E.g., Answer Ex. K (doc. 47-5). Could a subsequent case prove the existence of records supporting Foster's subjection to a felony sentence in a prior case? The State attempts to rely on Foster's own statements in the course of the case in which he claims the records were falsified. Such reliance would only show that Foster was successfully hoodwinked.

   The State's curious evidentiary submissions and off-topic arguments make it appear evasive, as if it cannot prove Foster's previous convictions. Its procedural

3

defenses fail if Foster's claim is true. If the State falsely represented Foster's previous convictions, he is actually innocent of the element[1] that made his offense a felony, Smith v. Baldwin, 510 F.3d 1127, 1140 (9th Cir. 2007) (en banc) (citing Schlup v. Delo, 513 U.S. 298, 314-16 (1995), and House v. Bell, 547 U.S. 518, 537 (2006)), and he can also show both cause – the State's falsification of its own records – and prejudice – a felony sentence – to excuse his default, Cook v. Schriro, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)); Smith, 510 F.3d at 1148. He plainly states a federal claim, Pet. at 4 ¶ 15B, 5 ¶ 16 ("if the law would have been followed and . . . court documents not falsified this would have been a misdemeanor"), because a prosecutor's knowing presentation of false evidence, as well as continued reliance on evidence known to be false, violates the Fourteenth Amendment. Napue v. Illinois, 360 U.S. 264, 269-70 (1959). If the State falsified his records, the federal limitations period will not even commence until it produces correct ones. 28 U.S.C. § 2244(d)(1)(B). The State explains at length the lack of merit in many claims that Foster does not make, see Answer at 12-20, State's

---

[1] Foster has a state-created and federally-protected liberty interest in a misdemeanor sentence if he does not have three qualifying prior convictions under state law. Even assuming the three prior convictions are not an element of an offense, "a judge" must still "determine the existence of factors" that trigger a particular sentence. E.g., Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998). If the State falsified those "factors," it violated due process.

Br. at 33-42, without addressing the claim he does make.

All that aside, the case is resolved by going through Foster's record, conviction by conviction, to determine whether he really was subject to felony sentencing for drinking and driving on or about January 15, 2003. In order to do that, it is important to understand what Montana law says.

## II. Controlling Montana Law[2]

Montana law defines an offense called driving under the influence of alcohol, Mont. Code Ann. § 61-8-401 (2009), and an offense called driving with excessive blood alcohol concentration ("BAC"), id. § 61-8-406, also known as "DUI per se." E.g., State v. Kummerfeldt, 194 P.3d 662, 662 ¶ 1 (Mont. 2008). Punishments for these offenses are set forth in Mont. Code Ann. §§ 61-8-714, -722, and -731. Section 714 corresponds to the DUI offense, § 401. Section 722 corresponds to the BAC offense, § 406. Section 731, enacted in 1997, applies to fourth or subsequent

---

[2] Notably without a pinpoint cite, the State relies on Brander v. State, 930 P.2d 31 (Mont. 1996), for the proposition that all DUI convictions "occurring during the offender's entire lifetime" are counted. State's Br. at 40. That statement is flatly contradicted by the Montana Supreme Court's holding in Brander, 930 P.2d at 36-37. The State also cites *all but one* of the cases relied on in this section, but it cites them to show there was no violation of the Ex Post Facto Clause. State's Br. at 41. True, but that is not what Foster claims. Foster makes the *second* argument addressed in *all but one* of the cases the State cites, that is, that Montana law, by its terms, precludes use of certain convictions for enhancement purposes. In the past, this Court has consistently experienced a much higher level of practice from counsel for the State.

convictions for either DUI or BAC. In addition, Mont. Code Ann. § 61-8-734, also enacted in 1997, defines what counts as a previous conviction. The history of these provisions is central to Foster's case.

Before 1989, Montana law provided that a DUI conviction was expunged if the person was not convicted of DUI again within five years. Likewise, a BAC conviction was expunged if the person was not convicted of another BAC within five years. There was no "crossover" between these provisions; that is, a person convicted of BAC, but not DUI, within five years after a DUI conviction was entitled to expungement of the DUI conviction, and a person convicted of DUI, but not BAC, within five years after a BAC conviction was entitled to expungement of the BAC conviction. State v. Sidmore, 951 P.2d 558, 564, 566 (Mont. 1997). Only two convictions for the same offense within five years precluded expungement. State v. Thibert, 965 P.2d 251, 253 ¶¶ 8-10 (Mont. 1998).

Although Montana law later changed, any conviction entered when an expungement provision was in effect was expunged if it met the criteria for expungement. Sidmore, 951 P.2d at 562 (showing that Sidmore was charged under 1995 law stating that "all previous convictions must be used for sentencing purposes"); id. at 571 (vacating felony component of DUI conviction on grounds that two prior convictions were expunged). In other words, expungement is self-

6

executing, and an expunged conviction cannot elevate the punishment imposed for a subsequent offense. State v. Brander, 930 P.2d 31, 36 (Mont. 1996); see also State v. Weldele, 69 P.3d 1162, 1170 (Mont. 2003); Sidmore, 951 P.2d at 564, 566; State v. Pratt, 951 P.2d 37, 46 (Mont. 1997); State v. Bowles, 947 P.2d 52, 56 (Mont. 1997); State v. Cooney, 945 P.2d 891, 895-96 (Mont. 1997); State v. Reams, 945 P.2d 52, 56-58 (Mont. 1997); State v. Beckman, 944 P.2d 756, 761 (Mont. 1997), all cited in State's Br. at 41 (except Bowles).[3]

In 1989, the Legislature amended § 714 to delete expungement of DUI convictions. As a result, any DUI conviction incurred before October 1, 1989,[4] was expunged within five years unless the offender committed another DUI in those five years. Sidmore, 951 P.2d at 566. DUI convictions incurred on or after October 1,

---

[3] The State also cites State v. Blue, 217 P.3d 82, 85 ¶ 10 (Mont. 2009). State's Br. at 38. Blue's first counted DUI conviction dated from 1995, long after DUI convictions ceased to be expunged. His argument in the case had nothing to do with expungement.

[4] Except provisions for appropriation, taxation, or imposition of motor vehicle fees, "every statute adopted after January 1, 1981, takes effect on the first day of October following its passage and approval unless a different time is prescribed therein." Mont. Code Ann. § 1-2-201(1)(a) (2009). "'Passage' . . . means the enactment into law of a bill which passed the legislature with or without the approval of the governor, as provided in the constitution." Id. § -201(2). Except for the 1997 amendments, all other statutory changes pertinent in this case became effective on October 1 of the year of their passage.

7

1989, remain permanently on the offender's record.[5] The 1989 Legislature also provided that previous BAC convictions would count in determining whether a DUI offense was a first, second, or third or subsequent offense. 1989 Laws ch. 476 § 2.

Not until 1995 did the Legislature delete the BAC expungement provision of § 722. 1995 Mont. Laws ch. 447 § 9. Thus, any conviction for BAC incurred before October 1, 1995, was expunged within five years unless the person committed another BAC in those five years. See Weldele, 69 P.3d at 1171 ¶ 31; Sidmore, 951 P.2d at 564. Any BAC conviction incurred on or after October 1, 1995, remains permanently on the offender's record.

Additionally, in 1995, a person convicted of DUI became subject to a felony sentence if he had committed three previous DUIs, three previous BACs, or any combination thereof.[6] 1995 Mont. Laws ch. 447 § 8; Mont. Code Ann. § 61-8-714(4) (1995). Other provisions added to both §§ 714 and 722 stated that "all previous

---

[5] Instead of being expunged, a DUI conviction not followed by another DUI offense within five years became "confidential criminal justice information," 1989 Mont. Laws ch. 476 § 2, which could be relied on by a court imposing sentence for a subsequent offense. This "confidentiality" provision, too, was eventually deleted. 1997 Mont. Laws ch. 525 § 6.

[6] Today, convictions for vehicular homicide while under the influence, negligent vehicular assault, or, under certain conditions, negligent homicide also support a felony conviction. One DUI or one BAC may also qualify as a felony if the person has a previous conviction for vehicular homicide while under the influence. See Mont. Code Ann. § 61-8-731(1) (2009). These provisions are not relevant here.

convictions must be used for sentencing purposes," 1995 Mont. Laws ch. 447 §§ 8, 9, and DUI convictions became countable as BAC convictions as well, id. § 9. Nevertheless, any convictions qualified for expungement under the law in effect when they were entered may not be counted.  E.g., Weldele, 69 P.3d at 1171 ¶ 31; Sidmore, 951 P.2d at 564, 566; Brander, 930 P.2d at 35-36.

Finally, in 1997, the Legislature enacted Mont. Code Ann. §§ 61-8-731 and 734. The felony provisions for fourth or subsequent DUI or BAC offenses that originally went into effect on October 1, 1995, in §§ 714(4) and 722(7), were relocated to § 731.  1997 Mont. Laws ch. 525 § 13.  Language defining what counts as a prior conviction and stating that "all previous convictions must be used for sentencing purposes" was relocated to § 734.  1997 Mont. Laws ch. 525 § 11. Sections 731 and 734 became effective on May 2, 1997.  1997 Mont. Laws ch. 512 § 5.  As pertinent here, §§ 731 and 734 did not implement a substantive change from 1995 law; they focused instead on setting terms and conditions for felony sentences under §§ 401 and 406.  Both §§ 731 and 734 have been amended since their enactment, but not in any respect that is material to Foster's case.

In sum, at the time Foster drank and drove on January 15, 2003 (and, in effect, from October 1, 1995, to today), Montana law provided that any unexpunged BAC or DUI convictions incurred within five years before the offense in question count

9

against the offender for purposes of misdemeanor sentencing under §§ 714 and 722. For felony purposes under § 731, that is, if the offense in question is a fourth or subsequent offense, all unexpunged DUI or BAC convictions count. Mont. Code Ann. § 61-8-734(1)(b), (c) (2001); Sidmore, 951 P.2d at 971. Any DUI conviction incurred before October 1, 1989, was expunged unless another DUI offense was committed within five years. Any conviction for BAC incurred before October 1, 1995, was expunged unless another BAC offense was committed within five years.

### III. Foster's Record on January 15, 2003

To support the felony sentence Foster challenges here, the State had to prove that the DUI conviction arising from Foster's drinking and driving on January 15, 2003, was at least his fourth conviction for DUI, BAC, or any combination of unexpunged DUI and BAC offenses. "'Conviction' means a judgment of conviction or sentence entered upon a plea of guilty or nolo contendere or upon a verdict or finding of guilty." Mont. Code Ann. § 45-2-101(15) (2001); see also id. § 61-8-734(1)(a) (referring to § 45-2-101).

The Amended Information under which Foster was charged said:

The Defendant, **GERALD RICTOR FOSTER**, on or about January 15, 2003, in the City of Columbia Falls, Flathead County, Montana, drove a motor vehicle upon the ways of this state open to the public while under the influence of alcohol, contrary to the provisions of Section 61-8-401(1)(a), MCA. Because the Defendant has three or more prior

10

>convictions for DUI and/or Driving With Excessive Blood Alcohol Concentration (07/07/1978 and/or 04/28/1983 and/or 12/05/1992 and/or 06/01/1995 and/or 10/04/1996 and/or 05/28/1997 and/or 05/21/1998 and/or 04/18/1997 and/or 03/29/1991) this offense is punishable under the provisions of Section 61-8-731, MCA . . . .

Answer Ex. E (doc. 34-5 at 9) (Am. Information, State v. Foster, No. DC-05-054C (Mont. 11th Jud. Dist. July 26, 2005)).[7] The alleged convictions must be addressed chronologically.

The State has not introduced any evidence showing Foster had a qualifying conviction on July 7, 1978, or April 28, 1983. If they ever existed, they were likely expunged. They are disregarded.

Foster drank and drove on or about November 24, 1990. He was convicted of DUI. Answer Ex. B (doc. 34-2) (Missoula County Justice Court No. 28-4698).[8] That

---

[7] The State submitted its "Notice of Filing" (doc. 34) at a time when the Court lacked jurisdiction due to the pending appeal, Order Dismissing Mot. to Produce Judgments (doc. 36), but the Notice and its attached exhibits are adopted in the Answer. Answer at 17-18.

[8] Answer Exhibits B, C, and D are certified copies and so are self-authenticating. See Answer Ex. B at 1-4, Ex. C at 1, Ex. D at 1; Fed. R. Evid. 902(4). Judgment on the pleadings is appropriate. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001); Rule 12, § 2254 Rules; Fed. R. Civ. P. 10(c), 12(c); 2 James William Moore, Moore's Federal Practice § 12.38 & n.3 (3d ed. 2003) ("[T]he court may act sua sponte."). Foster has challenged the relevance of the State's exhibits from subsequent cases, Reply (doc. 50) at 2-5 "inadmissible documents . . . using events after the fact"), but not the certified documents filed on May 11, 2010, see Mot. to Produce Judgments of Conviction (doc. 35) at 3. At any rate, Foster does not allege that any particular conviction did not occur. He

11

conviction counts because DUI convictions incurred on or after October 1, 1989, are not expunged. For purposes of felony sentencing, this is **Conviction No. 1**, entered March 29, 1991, and listed last in the Amended Information.

On or about December 5, 1992, Foster drank and drove again. He was cited for DUI, but the charge was "reduced to per se," that is, BAC. The record submitted by the State reflects that Foster made payments totaling $315.00, which is also described as the penalty for the offense. Answer Ex. D (doc. 34-4) (Flathead County Justice Court No. 931-16676). This portion of Exhibit D provides sufficient evidence of a conviction entered on January 25, 1993. BAC convictions entered before October 1, 1995, however, are expunged unless another BAC offense follows within five years. Thus, further information is required to determine whether this conviction counts under §§ 731 and 734.

On June 1, 1995, Foster drank and drove again. He was cited for a violation of Mont. Code Ann. § 61-8-401, DUI, but he pled guilty in Kalispell Municipal Court to "DUI per se," that is, BAC. The form submitted by the State to prove this conviction is incomplete and not entirely clear, but, in combination with the plea agreement containing the same terms as the "Sentence" described in the form, it is sufficient to establish a guilty plea and sentence for BAC entered on January 24,

---

challenges their legal significance.

1996.  Answer Ex. C (doc. 34-3) (Kalispell Municipal Court No. 951806).  Under Montana's definition of a conviction, that is sufficient.

This BAC conviction, based on an offense committed less than five years after the conviction entered on January 25, 1993, precludes expungement of that 1993 conviction.  The 1993 conviction becomes **Conviction No. 2**.  It is listed third in the Amended Information, by the offense date rather than the conviction date.  But further information is required to determine whether the Kalispell Municipal Court conviction, entered on January 24, 1996, was expunged.

On October 4, 1996, Foster drank and drove again.  He pled guilty to "DUI # 2."  Judgment was imposed on April 18, 1997.  Answer Ex. D (doc. 34-4) (Flathead County Justice Court No. 961-56580).  DUI convictions incurred after October 1, 1989, are not expunged.  This is **Conviction No. 3**, listed next to last in the Amended Information (and double-counted, as the offense date is also listed in the Amended Information).

There is no need to decide whether the Kalispell Municipal Court BAC conviction entered on January 24, 1996, was expunged.  There is no need to decide whether the vacated conviction of May 21, 1998, entered again in August 2005, could be considered a "previous conviction" under § 734(1)(b).  Without counting either of those convictions, Foster had three unexpunged convictions for either DUI or BAC

13

when he drank and drove on January 15, 2003. He was properly sentenced as a felon for that offense.

### IV. Certificate of Appealability

Giving Foster the benefit of every doubt about his record – and there are several – he did, nonetheless, have three unexpunged and unvacated convictions for DUI or BAC as of January 15, 2003, when he drank and drove. He was subject to felony sentencing. Whatever other errors may have occurred, reasonable jurists could not discount the three convictions relied on here. Foster's initial showing of a constitutional violation has no substance in light of the evidence presented. A certificate of appealability is denied. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

### ORDER

1. The State's motion to dismiss (doc. 48) is DENIED.

2. Foster's petition (doc. 1) is DENIED on the merits.

3. A certificate of appealability is DENIED.

4. The Clerk of Court shall enter judgment, by separate document, in favor of Respondents and against Petitioner Foster.

5. If a Notice of Appeal is filed, the Clerk shall immediately process the appeal.

DATED this  3rd  day of January, 2011.

                                 /s/ Jeremiah C. Lynch
                                 Jeremiah C. Lynch
                                 United States Magistrate Judge